# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION: DAYTON

| | |
|---|---|
| STATE OF OHIO, and FRANK LAROSE, in his official capacity as Ohio Secretary of State,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and<br><br>ALEJANDRO MAYORKAS, in his official capacity as SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendants*. | Civil Action No. 3:24-cv-283<br><br>District Judge Michael J. Newman<br>Magistrate Judge Peter B. Silvain, Jr. |

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

On November 25, 2024, the Court issued an order to show cause "why the Court should not dismiss this case as moot" after the November 2024 election. Order, ECF No. 11. As explained in more detail below, Defendants' challenged conduct—which continues to this day—imposes harms well beyond the November 2024 election and affects upcoming Ohio elections like the May 2025 primaries and future general elections. A favorable ruling from this Court would provide Plaintiffs with relief by ensuring Defendants provide the citizenship information Plaintiffs need (and to which they are entitled under federal law) in order to maintain accurate voting rolls for those upcoming elections.

1

Because Defendants still refuse to provide that information, and because permanent injunctive or declaratory relief from this Court would remedy that ongoing harm for upcoming elections, there remains a live dispute despite the passage of the November 2024 election. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (case is moot only when intervening events make it "'impossible" for the court to grant any "effectual relief").

I. **Plaintiffs Allege an Ongoing Violation That Extends Well Beyond the 2024 Election.**

Ohio election law imposes an ongoing duty on Secretary LaRose to ensure the integrity of elections. Complaint, ECF No. 1, ¶¶ 26–27 (citing Ohio Rev. Code. §§ 3501.04–.05). He has the statutory duty to enforce Ohio's election laws, including adopting rules for the removal of ineligible voters from statewide voter rolls. *See* Ohio Rev. Code § 3501.05(Q). Secretary LaRose also has a specific statutory obligation to "conduct an annual review of the statewide voter registration database to identify persons who appear not to be United States citizens," and remove them from the voter rolls. Ohio Rev. Code § 3503.152.

Additionally, in 2022, Ohio voters overwhelmingly passed a constitutional amendment stating that only United States citizens may vote in all elections in the state of Ohio. *See* Ohio Const. art. V, § 1; Ohio Const. art. X, § 3; Ohio Const. art. XVIII, § 3. Both state and federal law require maintaining accurate voter registration records. *See* Ohio Rev. Code §§ 3503.151(A), (D); 3501.11(U); 52 U.S.C. § 20507. Further, the passage of Ohio's "DATA Act"[1] clarified that boards of elections are

---

[1] Ohio H.B. 33, 135th Gen. Assembly (July 4, 2023).

2

required to remove individuals from the voter rolls who are not legally registered or eligible to vote. *See* Ohio Rev. Code § 3503.151(D)(2). As explained in the Complaint, federal law requires Defendants to provide citizenship information to Plaintiffs for these lawful purposes, but Defendants have expressly declined to do so. Complaint, ECF No. 1 at ¶¶ 3–6, 17, 20.

Because elections happen routinely, Defendants' refusal to comply with their federal obligations will continue to impose harms on Plaintiffs even though the November 2024 election has now passed. For example, Secretary LaRose's Office will soon begin preparing for the May 6, 2025, primary election, and that process includes the statutorily mandated annual review as well as an ongoing review of Ohio's voter registration database to attempt to identify and remove non-citizen registered voters. To comply with federal law, any systematic review and maintenance must be *completed* by around April 7, 2025, *see* 52 U.S.C. § 20507(c)(2)(A). This means cancellation notices (for non-citizens who nonetheless registered to vote) would be sent to the appropriate County Boards of Election by around March 7, 2025, with letters sent to the non-citizens themselves even earlier (by around February 7, 2025). *See* Ohio Rev. Code §§ 3503.152; 3501.11(U); 3503.151(A), (D). That means Plaintiffs would need citizenship information from Defendants before February 7, 2025. Yet Defendants have not changed their policy of refusing to provide that information, despite the passage of the November 2024 election. Plaintiffs accordingly still face ongoing and imminent harm from Defendants' actions.

3

The ongoing nature of the harm is further demonstrated by the facts alleged in the Complaint that there are individuals known to Secretary LaRose who have registered to vote in Ohio despite previously telling the Ohio Bureau of Motor Vehicles that they are not U.S. citizens, and whose citizenship status Secretary LaRose is unable to confirm without the information requested from Defendants. ECF No. 1 at ¶¶40–42. Defendants' ongoing refusal to comply with 8 U.S.C. § 1373(c)'s unequivocal command to "respond" to Secretary LaRose "by providing the requested [citizenship] verification" prevents him from accurately updating Ohio's voter registration database for future elections as Ohio law requires.

Even setting aside the 2025 primaries, Defendants will continue to impose the same harm on Plaintiffs in perpetuity for every upcoming election until either this Court grants relief or Defendants voluntarily comply with their federal obligations. Accordingly, there remains a live dispute between the parties, and this Court can grant Plaintiffs effective relief by issuing the injunctive and declaratory relief their Complaint requests. Complaint, ECF No. 1 Prayer for Relief. That "effectual relief" means this case is not moot. *Church of Scientology*, 506 U.S. at 12.

## II. *Brown v. Yost* Confirms This Case Is Not Moot.

In its show-cause Order, this Court cited the Sixth Circuit's recent en banc decision dismissing a 2024 election appeal as moot. Order, ECF No. 11 (citing *Brown v. Yost*, No. 24-3354, 2024 WL 4847401 (6th Cir. Nov. 21, 2024)). But *Brown* confirms this case is not moot. In holding that the 2024 election mooted the *appeal* of the district court's denial of *preliminary relief*, the Sixth Circuit made clear "that the

4

*underlying lawsuit* is not moot" because the plaintiff's "request for permanent injunctive relief is not limited to 2024." *Brown*, 2024 WL 4847401, at *3. "Hence the passing of the November 2024 election does not undercut the live nature of the dispute pending in the district court." *Id.*

The same is true here. Plaintiffs' request for permanent injunctive and mandamus relief "compelling Defendants immediately *and continuingly* to provide citizenship status of Ohio voters," Complaint, ECF No. 1, Prayer for Relief (emphasis added), is not limited to 2024, nor is Plaintiffs' request for declaratory relief, *see id.* Under *Brown*, this "dispute" over information sought for use in *future* voter registration reviews retains its "live nature" here "in the district court." 2024 WL 4847401, at *3. To be sure, the Complaint mentioned the prospect of seeking preliminary relief, but that is not the sole relief Plaintiffs seek. Further, given the upcoming 2025 election deadlines discussed above, Plaintiffs may still seek preliminary relief for upcoming elections. That makes doubly clear this case is not moot.

Because there remains an ongoing dispute between the parties, and because this Court could grant effectual relief to Plaintiffs, this case is not moot, and the Court has a "'virtually unflagging obligation'" to hear it. *Id.* (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

Finally, Defendants have filed, and the Court has now granted, a consent motion requesting a 45-day extension of time in which to respond to the Complaint. ECF No. 12. This further militates against any *sua sponte* dismissal of this action.

5

Additionally, the forthcoming change in Administrations may yield the prospect of a voluntary resolution of this dispute.

Dated: December 10, 2024                    Respectfully submitted,

/s/ R. Trent McCotter
R. TRENT MCCOTTER (*pro hac vice*)
NICHOLAS A. CORDOVA (0100969)
BOYDEN GRAY PLLC
800 Connecticut Ave. NW, #900
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com
ncordova@boydengray.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiffs certifies pursuant to Fed. R. Civ. P. 5(d)(1)(B) and L.R. 5.2 that service of this filing was made through the Court's ECF electronic filing system.

Dated: December 10, 2024 /s/ R. Trent McCotter
R. Trent McCotter

*Counsel for Plaintiffs*